RUTH HELEN COE v. WINFRED T. COE.

(Filed 17 January 1964.)

**1. Pleadings § 2—**

The relief to which plaintiff is entitled is determined by the facts alleged and established, and plaintiff may not be afforded relief totally inconsistent with the facts alleged in his complaint.

**2. Divorce and Alimony § 18—**

Where plaintiff's amended complaint in an action for alimony without divorce alleges that the prior separation agreement between the parties was void, first because obtained by fraud and second because defendant

had not made the payments as therein stipulated, it is error for the court, upon the hearing of plaintiff's application for counsel fees and subsistence *pendente lite*, to decree that defendant pay the sums due under the separation agreement, since the court may not award plaintiff what amounts to specific performance of the separation agreement which plaintiff has alleged was void.

APPEAL by defendant from *Shaw, J.,* in Chambers in GUILFORD (Greensboro Division) on 5 April 1963.

This is an action for alimony without divorce. Plaintiff also asks for counsel fees and subsistence *pendente lite*. She alleges in her complaint facts which, if established, would support an award of alimony.

Defendant by answer admitted the alleged marriage and birth of a child. He denied the remaining allegations necessary for an award of alimony. As an additional defense he alleged a separation of the parties by mutual consent; an agreement terminating his obligation to support his wife; and the performance of his obligations under the separation agreement.

The agreement, in addition to fixing the rights of the parties with respect to specific pieces of property, contained a provision for monthly payments in specified amounts to plaintiff for her support and maintenance "until such time as the party of the second part (plaintiff) shall remarry or die and, then and in either event, said payments shall cease and terminate."

Plaintiff, by leave of court, was, after the filing of the answer, permitted to file an amended complaint. She there alleged: The separation agreement was procured by false and fraudulent representations of defendant that he would make the monthly payments specified in the contract for the support of plaintiff and the child of the marriage, knowing when the contract was executed that he had no intention of complying with the contract; the contract was void because of defendant's false and fraudulent representations relied on by plaintiff and also because of defendant's failure to perform his obligation under the contract.

On plaintiff's motion for subsistence *pendente lite* and for counsel fees, the court found: The parties executed the agreement referred to in the pleadings; it was not unjust or unreasonable to plaintiff; the amount which the contract obligated defendant to pay was, to the date of the hearing, $2900; defendant had paid $2090, leaving a balance owing of $810.

On his findings the court adjudged that defendant "pay to the plaintiff, Ruth Helen Coe, the sum of $810.00 without prejudice to the rights of either party under the Deed of Separation; that commenc-

ing as of April 10, 1963, he pay into the Office of the Domestic Relations Court of Guilford County the sum of $250 each month as required by paragraphs 2 and 3 of the Deed of Separation. Said sum when so paid to be paid by the Clerk of said Court over to Ruth Helen Coe for the support of herself and Melissa Francine Coe." The court declined at that time to make any award for counsel fees but retained the cause for such other orders as might be appropriate.

Defendant excepted and appealed.

*Douglas, Ravenel, Josey & Hardy by C. Kitchin Josey and G. S. Crihfield for plaintiff appellee.*

*Cahoon, Egerton & Alspaugh by James B. Rivenbark for defendant appellant.*

PER CURIAM. It is manifest that the court here in an action for alimony has not, on plaintiff's motion for subsistence, determined the amount reasonably necessary for that purpose. On the contrary, the court decrees specific performance of a contract which plaintiff alleges is void. The relief to which a plaintiff may be entitled is determined by the facts alleged and established. A plaintiff may not obtain a decree affording relief totally inconsistent with the facts alleged. The allegations that defendant had failed to make the monthly payments for the support of his wife and child would support an action by her for the amounts which defendant had promised but failed to pay for her support. (Defendant's obligation to provide support for his minor child is not here involved.)

Here plaintiff does not seek performance of the contract; she alleges the contract which defendant interposes as a defense is void for two reasons: first, because it was obtained by false and fraudulent representations relied on by her, and, second, because of defendant's failure to make the monthly payments for her support as there promised. She seeks not to enforce but to disregard the contract. She cannot in this action obtain what in effect is a decree for specific performance of an alleged void contract.

Reversed.